UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MADIT MAICHAL DENG,

                           Petitioner,

v.

MARKWAYNE MULLIN,
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY; TODD
BLANCHE, ACTING ATTORNEY
GENERAL; TODD M. LYONS,
ACTING DIRECTOR, IMMIGRATION
AND CUSTOMS ENFORCEMENT;
JESUS ROCHA, ACTING FIELD
OFFICE DIRECTOR, SAN DIEGO
FIELD OFFICE; JEREMY CASEY,
WARDEN AT IMPERIAL REGIONAL
DETENTION CENTER,

                           Respondents.

Case No.:  3:26-cv-02801-LEK-MSB

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Madit Maichal Deng's ("Petitioner") Petition for Writ of Habeas Corpus [28 U.S.C. § 2241] ("Petition"), filed on May 2, 2026. [Dkt. no. 1.] Respondents Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting Attorney General; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement; Jesus Rocha, Acting Field Office Director, San Diego Field Office; and Jeremy Casey, Warden at Imperial Regional Detention Center ("Respondents"), filed their response to the Petition ("Response") on May 12, 2026. [Dkt. no. 4.] Also on May 12, 2026, Petitioner filed a traverse. [Dkt. no. 5.]

Petitioner alleges that his detention violates his due process rights under the United States Constitution, as well as statutory and regulatory provisions. See, e.g., Petition at 4-5. Accordingly, Petitioner asks this Court to, inter alia: 1) order Respondents to release Petitioner from custody immediately; 2) issue an injunction prohibiting Respondents from detaining Petitioner under Title 8 United States Code Section 1231(a)(6) unless Respondents obtain the necessary travel documents for Petitioner's removal; 3) issue an injunction prohibiting Respondents from detaining Petitioner with following the necessary statutory and regulatory procedures; 4) issue an injunction prohibiting Respondents from removing Petitioner to any other country other than Sudan[1] without first providing notice to Petitioner and Petitioner's counsel and providing Petitioner a meaningful opportunity to assert claims for protection under the Convention Against Torture ("CAT") before initiating removal to any other country other than Sudan; and 5) order any other appropriate relief. [Petition at pg. 15-16.]

Respondents "acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision." [Response at 1 (citations omitted).] Accordingly, this Court grants Petitioner's request for immediate release.

## CONCLUSION

For the foregoing reasons, Petitioner Madit Maichal Deng's Petition for Writ of Habeas Corpus [28 U.S.C. § 2241], filed May 2, 2026, is GRANTED.

Respondents are ORDERED to release Petitioner immediately. Further, Respondents are ENJOINED from detaining Petitioner under Title 8 United States Code Section 1231(a)(6) unless Respondents obtain the necessary travel documents for Petitioner's removal and follow all appliable statutory and regulatory procedures.

---

[1] Petitioner was born in Sudan and came to the United States on November 13, 2002. [Petition, First Declaration of Madit Deng at ¶ 1.] On February 16, 2011, Petitioner was ordered removed to Sudan, but he was later released because removal to Sudan was not possible. [Id. at ¶ 2.]

2

Respondents are also ENJOINED from removing Petitioner to a country other than Sudan, *i.e.*, to a third country, unless the removal is preceded by written notice to both Petitioner's counsel and Petitioner, in a language that Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal. If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's immigration proceedings. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen days, for Petitioner to seek reopening of his immigration proceedings.

The parties are ORDERED to file a joint status report by **May 21, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 13, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

3